UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KURT BLYDEN,<br><br>       *Plaintiff,*<br><br>– against –<br><br>DEBORAH WATKINS; KENNELSWORTH CHARLES; SHEPPARD FERNANDEZ; JANE DOE & JOHN DOE,<br><br>       *Defendants.* | **MEMORANDUM & ORDER**<br>25-cv-03964 (NCM) (MMH) |

**NATASHA C. MERLE**, United States District Judge:

On July 11, 2025, defendant Deborah Watkins,[1] appearing pro se, filed this action purporting to remove from state court a proceeding filed in the Housing Part of the Queens County Civil Court. *See* Notice of Removal ("Not.") 7, ECF No. 1. Watkins's *in forma pauperis* application is granted solely for the purpose of this Order. *See* ECF No. 2. As set forth below, the action is remanded to the Queens County Civil Court pursuant to 28 U.S.C. § 1447(c).

## BACKGROUND

Watkins does not provide a copy of the civil complaint as required to remove an action, however, the Court surmises that this action was filed in the Civil Court's Housing Part on November 29, 2024, based on the Index No. LT-318993-24 and her allegation that she

---

[1] While other defendants are named in the caption, only Deborah Watkins signed the complaint and the *in forma pauperis* application. Watkins cannot represent anyone else other than herself. As such, the Court construes this action as filed solely by Deborah Watkins.

1

was ordered "to [m]ove out by the first of July 2025." Not. 8.[2] The Notice of Removal alleges that this Court has "exclusive and original jurisdiction in this matter." Not. 8.

## DISCUSSION

A defendant may remove from state to federal court any civil action over which the federal court has original jurisdiction, 28 U.S.C. § 1441(a), within 30 days of receiving the initial pleading or "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The defendant seeking removal "shall file . . . a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

"[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).[3] A claim may only be removed to federal court if the court would have had jurisdiction over the matter at the outset. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485–86 (2d Cir. 1998). Federal courts have limited subject matter jurisdiction, restricting the types of cases they can hear. *See Funk v. Belneftekhim*, 861 F.3d 354, 371 (2d Cir. 2017). There are two types of federal subject matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331; and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant lives in the same state as the plaintiff, *see* 28 U.S.C. § 1332. Courts "must police subject matter jurisdiction on their own initiative." *Shakour v. Fed. Republic of Germany*, 199 F. Supp. 2d 8, 12 (E.D.N.Y. 2002).

---

[2]  The Court refers to the pages of the submission and exhibits by the pages assigned by the Electronic Case Filing system ("ECF").
[3]  Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

It is well-settled that the party asserting federal jurisdiction "bears the burden of establishing jurisdiction," which it must do "by a preponderance of evidence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceutical, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019). However, a "federal law issue raised by a defendant's counterclaim is not a foundation for removal of a case from state to federal court." *Arslan v. Sunnyside Realty Corp.*, No. 07-cv-01825, 2007 WL 1350438, at *2 (E.D.N.Y. Sept. 7, 2007). Further, assertions of federal statutory claims in response to the state court proceeding are insufficient to invoke the federal court's jurisdiction where original jurisdiction is lacking. *See McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) ("Under the well-pleaded complaint rule, a defendant generally may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law.") (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)).

Here, the Notice of Removal is defective and fails to provide any basis for this Court's subject matter jurisdiction.

First, Watkins failed to include "a copy of all process, pleadings, and orders served upon . . . [the] defendant." 28 U.S.C. § 1446(a). Watkins also failed to remove the action within the 30-day period after she was served a copy of the initial pleading. According to Watkins, the state court action was filed on November 29, 2024, *see* Not. 7, but she did not seek to remove the action to federal court until July 11, 2025, well after the 30-day period after service of the initial pleading as required by 28 U.S.C. § 1446(b)(1).

Next, Watkins does not allege facts to show that this Court has original jurisdiction over the underlying state court action. Instead, Watkins relies on conclusory statements of purported original jurisdiction. To the extent the state court action arises from a landlord-tenant dispute, such disputes arise under state law, not federal law. *Kheyn v.*

3

*City of New York*, Nos. 10-cv-03233, 10-cv-03234, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010) (citing cases); *see also Cain v. Rambert,* No. 13-cv-05807, 2014 WL 2440596, at *3 (E.D.N.Y May 30, 2014) (federal courts lack jurisdiction over landlord-tenant matters). Additionally, assertions of federal statutory claims in response to the state court proceeding, to the extent Watkins attempts to assert such claims, are insufficient to invoke the federal court's jurisdiction. *See McCulloch*, 857 F.3d at 145; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *City of Rome v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) ("[W]e must, in assessing whether federal question jurisdiction lies, ask if the well-pleaded complaint asserts a federal claim on its face. The mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach.").

## CONCLUSION

For the reasons stated herein, removal of the state court action filed under Index No. LT-318993-24 to this Court is improper, and the Court hereby remands the action to the Queens County Civil Court pursuant to 28 U.S.C. § 1447(c).

The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of the Civil Court, County of Queens, to mail a copy of this Order to Watkins, and to close the case in this Court.

SO ORDERED.

                                                                          /s/ Natasha C. Merle
                                                                         NATASHA C. MERLE
                                                                         United States District Judge

Dated:      September 24, 2025
               Brooklyn, New York